UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BARBARA JOHNSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: 09-1799 (JBS/KMW) |
| RICK MASON, et al., | : |
| Defendants. | : |

**NOVASTAR MORTGAGE, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT, WITH DEFENSES, COUNTERCLAIMS AND CROSS-CLAIMS**

NovaStar Mortgage, Inc. ("NovaStar"), by its undersigned counsel, answers the first amended complaint, asserts defenses thereto, and asserts counterclaims and cross-claims, as follows:

**Preliminary Statement**

1-3.    No response is required to this "preliminary statement." Nonetheless, NovaStar denies any and all alleged wrongdoing; any and all liability to plaintiff; and any right of plaintiff to rely upon the "discovery rule" and/or the doctrines of equitable tolling/fraudulent concealment.

**Jurisdiction and Venue**

4-5.    These paragraphs state conclusions of law, which are denied.

**Parties**

6-10.    These paragraphs contain allegations that are directed to parties other than NovaStar. NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

11.    It is denied that NovaStar is a Missouri corporation. To the contrary, NovaSar is a Virginia corporation. It is admitted that NovaStar's principal place of business is at the captioned

1

address.

12-14.   These paragraphs contain allegations that are directed to parties other than NovaStar. NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

15-17.   These paragraphs state conclusions of law, which are denied. To the extent deemed factual, they are specifically denied.

**Background**

18-28.   NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

29.   Denied. By way of further response, Innovative Mortgage Solutions, Inc. ("Innovative") made the mortgage loan to Ward for his purchase of the Premises from Dallah.

30.   NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

31.   NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

32.   NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

33.   Admitted only that the HUD-1 statement identifies a seller held 2nd mortgage loan. As for the remaining allegations, NovaStar is without knowledge or sufficient information to form a belief as to their truth, and so denies them.

34.   NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

35. Denied.

36. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, it is specifically denied.

37. Denied.

38. NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them. It is specifically denied, however, that the Dallah/Ward sale transaction was a "refinancing transaction."

39. NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them. By way of further response, NovaStar, which purchased the loan and servicing rights from Innovative, had sold the mortgage loan and the servicing rights to third parties before the events alleged herein.

40-41. NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

42. Denied. Prior to January 2008, NovaStar had sold and/or assigned the loan and the servicing rights. If foreclosure proceedings were instituted in NovaStar's name, it was without NovaStar's knowledge.

43-45. NovaStar is without knowledge or sufficient information to form a belief as to the truth of these allegations, and so denies them.

46. This paragraph states a conclusion of law, which is denied. It is specifically denied, however, that NovaStar caused plaintiff any harm or injury, including but not limited to the specific harms or injuries alleged in paragraph 46.

**Causes of Action**

47.     Paragraphs 1 through 46 above are incorporated herein by reference.

48.     This paragraph states conclusions of law, which are denied. To the extent deemed factual, the allegations are specifically denied.

49.     This paragraph states conclusions of law, which are denied. To the extent deemed factual, the allegations are specifically denied.

**COUNT I:TRUTH IN LENDING/HOME OWNERSHIP EQUITY PROTECTION ACTS**

50.     Paragraphs 1 through 49 above are incorporated herein by reference.

51.     This paragraph states conclusions of law, which are denied. To the extent deemed factual, the allegations are specifically denied.

52.     This paragraph states conclusions of law, which are denied. To the extent deemed factual, the allegations are specifically denied.

53.     This paragraph states conclusions of law, which are denied. It is specifically denied that the referenced disclosures were required to be made to Plaintiff under applicable law. By way of further response, and upon information and belief, Ward was provided with all required disclosures in the "Loan 2" transaction.

54.     This paragraph states conclusions of law, which are denied. To the extent deemed factual, the allegations are specifically denied.

55.     This paragraph states conclusions of law, which are denied. To the extent deemed factual, the allegations are specifically denied.

56.     This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations are specifically denied.

57. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations are specifically denied.

58. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations are specifically denied.

### COUNT II NEW JERSEY CONSUMER FRAUD ACT

59. Paragraphs 1 through 58 above are incorporated herein by reference.

60. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations are specifically denied.

61. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations are specifically denied.

62. Denied. NovaStar engaged in no acts of omission, including but not limited to those specifically referenced in paragraph 62.

63. Denied. NovaStar engaged in none of the referenced acts or practices referenced in paragraph 63.

### COUNT III -FRAUD

Count III has been dismissed, obviating any need to respond to the allegations that comprise it.

### COUNT IV - CONSPIRACY/AIDING AND ABETTING

65. Paragraphs 1 through 63 above are incorporated herein by reference.

66. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations, to the extent they are meant to apply to NovaStar, are specifically denied.

67. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations, to the extent they are meant to apply to NovaStar, are specifically denied.

68. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations, to the extent they are meant to apply to NovaStar, are specifically denied.

69. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations, to the extent they are meant to apply to NovaStar, are specifically denied.

70. This paragraph states a conclusion of law, which is denied. To the extent deemed factual, the allegations, to the extent they are meant to apply to NovaStar, are specifically denied.

## COUNTS V THROUGH IX

The allegations comprising Counts V through IX are directed to defendants other than NovaStar, obviating any need to respond thereto.

WHEREFORE, NovaStar demands judgment in its favor and against plaintiff, plus costs of suit, attorneys' fees and expenses, and such other and further relief to which NovaStar may be entitled.

## **DEFENSES**

1. Attached hereto as Exhibit A is a true and correct copy of the HUD-1 statement from the sale of the Premises by plaintiff's daughter, Ravenda Dallah, to Terence Ward (referred to as "Loan 2" in the first amended complaint). It identifies Innovative as the lender.

2. Attached hereto as Exhibit B is a true and correct copy of the Mortgage from Ward to Mortgage Electronic Registration Systems, Inc. as nominee for Innovative.

3. Attached hereto as Exhibit C is a true and correct copy of the Adjustable Rate Note from Ward to Innovative.

4. NovaStar did not originate the mortgage loan in the Dallah/Ward sale transaction; rather, Innovative originated the mortgage loan.

5. On or about August 1, 2010, Innovative transferred and/or assigned the Ward mortgage loan, and the servicing rights thereto, to NovaStar.

6. Attached hereto as Exhibit D is a true and correct copy of the Notice of Assignment, Sale or Transfer of Servicing Rights from Innovative to NovaStar.

7. NovaStar subsequently transferred and/or assigned the Ward mortgage loan, and the servicing rights thereto, to third parties.

8. In or about January, 2008, the Premises was sold at a foreclosure sale.

9. Plaintiff fails to state a claim against NovaStar for which relief may be granted.

10. Plaintiff's claims, including but not limited to the claim for rescission, are barred by applicable statutes of limitation.

11. Any right to rescind "Loan 2" expired, under the Truth in Lending Act and Regulation Z, upon the foreclosure sale.

12. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

13. Plaintiff's first amended complaint details a conspiracy to commit mortgage fraud in which plaintiff was a knowing and willing participant. As a result, to the extent that plaintiff asserts claims premised upon the existence of an equitable mortgage and/or any other equitable principles or rights, they are barred by the doctrine of unclean hands.

14. Plaintiff was not a consumer of NovaStar's credit services because, among other things, she sold the Premises to her daughter in 2005.

15. Plaintiff was not dong business with NovaStar because, among other things, she sold the Premises to her daughter in 2005.

16. NovaStar had no knowledge of the "sale-leaseback" transaction alleged by plaintiff.

17. Plaintiff lacks standing to assert claims against NovaStar.

18. The Court lacks subject matter jurisdiction of plaintiff's claims.

19. Plaintiff consented to, approved of, and/or ratified the conduct that forms the basis of her claims.

20. NovaStar acted in good faith and maintained appropriate procedures to comply with all applicable rules, regulations, and interpretations of the Truth-in-Lending Act, 15 U.S.C. § 1601, et seq., and all relevant laws.

21. Plaintiff is not entitled to rescind the loan.

22. Plaintiff cannot rescind the loan until she has repaid all net loan proceeds.

23. Plaintiff has suffered no damages as a result of NovaStar's conduct and/or has failed to mitigate her damages.

24. Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense on legal or equitable grounds.

25. Plaintiff is not entitled to attorneys' fees or litigation costs.

26. NovaStar at all times complied with any and all applicable state and federal statutory and regulatory provisions relevant to its operations.

27. Plaintiffs' damages, if any, were caused in whole or in part by the conduct of other parties and/or persons over whom NovaStar had no control or right of control.

28. NovaStar reserves the right to raise further defenses suggested by discovery and/or further investigation or other proceedings in the case.

WHEREFORE, NovaStar demands judgment in its favor and against plaintiff, plus costs of suit, attorneys' fees and expenses, and such other and further relief to which NovaStar may be entitled.

### COUNTERCLAIM/CROSS-CLAIM COUNT I - FOR FRAUD
### NOVASTAR V. PLAINTIFF AND DEFENDANTS MASON, WARD, LACEY, TRINITY INSURANCE ABSTRACT LLC, AND INNOVATIVE MORTGAGE SOLUTIONS INC.

1. Plaintiffs' first amended complaint, incorporated herein by reference, details the following unlawful conduct by the counterclaim/cross-claim defendants:

- in 2005 plaintiff, her daughter, Mason and Innovative concocted a sham sale of the Premises from plaintiff to her daughter so that plaintiff could "cash out equity from the Premises" by obtaining a mortgage loan from New Century;

- when the cash from the New Century loan ran out, plaintiff, her daughter, Mason, Innovative and Ward concocted a second sham sale of the Premises from plaintiff's daughter to Ward (the "Dallah/Ward Transaction," referred to in the first amended complaint as "Loan 2"), so that plaintiff could cash out even more equity from the Premises (this time, by utilizing an inflated appraisal for the premises); and

- defendants Lacey and Trinity Insurance Abstract LLC ("Trinity") facilitated, aided and abetted and/or actively participated in the sham sales.

2. Innovative originated the mortgage loan in the Dallah/Ward Transaction, which closed in June 2006.

3. Attached hereto as Exhibit A is a true and correct copy of the HUD-1 statement from the sale of the Premises by plaintiff's daughter, Ravenda Dallah, to Terence Ward (referred to as "Loan 2" in the first amended complaint), identifying Innovative as lender.

4. Attached hereto as Exhibit B is a true and correct copy of the Mortgage from Ward to Mortgage Electronic Registration Systems, Inc. as nominee for Innovative.

5. Attached hereto as Exhibit C is a true and correct copy of the Adjustable Rate Note from Ward to Innovative.

6. In or about August 2006, Innovative transferred and/or assigned the Ward mortgage loan, and the servicing rights thereto, to NovaStar. Attached hereto as Exhibit D is a true and correct copy of the Notice of Assignment, Sale or Transfer of Servicing Rights from Innovative to NovaStar.

7. Upon information and belief, in the course of doing so, Innovative, among other things, knowingly and falsely represented, warranted and/or covenanted to NovaStar, in writing, without limitation:

- that the mortgage and mortgage note were not subject to any right of rescission;
- that the origination practices with respect to the mortgage and mortgage note were legal in all respects;
- that no fraud or misrepresentation of material fact with respect to the origination of the mortgage loan took place;
- that Innovative had no knowledge of any fact that might have an adverse effect on the mortgage loan or any document associated therewith;
- that all mortgage loan documentation was valid;
- the accuracy and integrity of all information and documentation concerning borrower

identity, income, employment, credit, assets and liabilities;

- that the mortgage and mortgage loan conformed with applicable underwriting guidelines and loan program requirements; and

- that the mortgage and mortgage loan complied in all material respects with applicable local, state and federal laws.

8. As a result of the counterclaim/cross-claim defendants' concerted deceit and chicanery, the documentation from the Dallah/Ward mortgage loan transaction falsely and fraudulently appeared regular on its face, and to conform to Innovative's representations, warranties and covenants, and NovaStar reasonably relied upon said documentation in purchasing the Ward mortgage loan under the belief that Ward was the mortgagor and the owner of the Premises, as was intended by counterclaim/cross-claim defendants.

9. In reliance upon plaintiff/cross-claim defendants' fraudulent misrepresentations, as set forth above, NovaStar subsequently transferred and/or assigned the Ward mortgage loan, and the servicing rights thereto, to third parties.

10. In or about January 2008, the Premises were sold at a foreclosure sale.

11. NovaStar has suffered harm as a result of counterclaim/cross-claim defendants' unlawful conduct.

WHEREFORE, NovaStar demands judgment in its favor, and against plaintiff, Mason, Innovative, Ward, Trinity and Lacey, jointly and severally, for direct and consequential damages, costs of suit, attorneys' fees and interest, and such further relief to which NovaStar may be entitled.

## COUNTERCLAIM/CROSS-CLAIM COUNT II
## FOR CONSPIRACY/AIDING AND ABETTING: NOVASTAR V. PLAINTIFF AND DEFENDANTS MASON, WARD, LACEY, TRINITY AND INNOVATIVE

12. NovaStar incorporates by reference paragraphs 1 through 11 above.

13. Counterclaim/cross-claim defendants agreed to defraud NovaStar and acted in concert to do so, with each committing an overt, wrongful act or acts and/or knowingly and substantially participating in the wrongful acts committed by the other counterclaim/cross-claim defendants, in order to achieve said unlawful end.

14. NovaStar has suffered harm as a result of counterclaim/cross-claim defendants' unlawful conduct.

WHEREFORE, NovaStar demands judgment in its favor, and against plaintiff, Mason, Innovative, Ward, Trinity and Lacey, jointly and severally, for direct and consequential damages, costs of suit, attorneys' fees and interest, and such further relief to which NovaStar may be entitled.

## CROSS-CLAIM COUNT III:
## NOVASTAR V. INNOVATIVE FOR BREACH OF CONTRACT

15. NovaStar incorporates by reference paragraphs 1 through 14 above.

16. As aforesaid, when Innovative transferred and/or assigned the Ward mortgage loan and the servicing rights thereto to NovaStar on or about August1, 2006, among other things Innovative represented and warranted, without limitation:

- that the mortgage and mortgage note were not subject to any right of rescission;

- that the origination practices with respect to the mortgage and mortgage note were legal in all respects;

-

- that no fraud or misrepresentation of material fact with respect to the origination of the mortgage loan took place;

- that Innovative had no knowledge of any fact that might have an adverse effect on the mortgage loan or any document associated therewith;

- that all mortgage loan documentation was valid;

- the accuracy and integrity of all information and documentation concerning borrower identity, income, employment, credit, assets and liabilities;

- that the mortgage and mortgage loan conformed with applicable underwriting guidelines and loan program requirements; and

- that the mortgage and mortgage loan complied in all material respects with applicable local, state and federal laws.

17. Upon information and belief, the agreement between NovaStar and Innovative further provided that, in the event of material misrepresentation, or the inaccuracy or breach by Innovative of any representation or warranty, Innovative would repurchase the mortgage loan and/or indemnify NovaStar (including for all attorneys' fees associated therewith).

18. The agreement between Innovative and NovaStar is a valid, enforceable contract.

19. NovaStar has substantially performed its obligations.

20. As aforesaid, Innovative has materially breached its representations, warranties and/or covenants to NovaStar.

21. Innovative's breaches have resulted in actual and consequential damages to NovaStar.

WHEREFORE, NovaStar demands judgment in its favor, and against Innovative, for all damages arising from or relating to Innovative's breach of contract, plus costs of suit, interest, attorneys' fees and such other and further relief to which NovaStar may be entitled.

### CROSS-CLAIM COUNT IV:
### NOVASTAR V. INNOVATIVE FOR SPECIFIC PERFORMANCE/REPURCHASE

22. NovaStar incorporates by reference paragraphs 1 though 21 above.

23. In the alternative, NovaStar seeks specific performance of its contract with Innovative.

24. The obligation to repurchase is definite.

25. The agreement to repurchase is just and reasonable.

26. Due to the unique and specific nature of the Ward mortgage loan intended for securitization and the real property securing the loan, NovaStar has no adequate remedy at law for redress of Innovative's breaches.

WHEREFORE, NovaStar demands judgment in its favor, and against Innovative, for specific performance requiring Innovative to repurchase the Ward mortgage loan, plus costs of suit, interest, attorneys' fees and such other and further relief to which NovaStar may be entitled.

### CROSS-CLAIM COUNT V:
### AGAINST CROSS-CLAIM DEFENDANTS FOR CONTRIBUTION AND/OR INDEMNITY

27. NovaStar incorporates by reference paragraphs 1 through 26 above.

28. If plaintiff establishes that she suffered injuries and damages as alleged in the first amended complaint, said injuries and damages were caused solely by the negligence, recklessness and carelessness of cross-claim defendants Mason, Ward, Lacey, Trinity, Innovative, and DiGiovanni, and their agents, servants, workmen and/or employees, by their acts and/or omissions

as detailed in the allegations of the first amended complaint.

29. As a result of the aforesaid actions and/or omissions, cross-claim defendants are solely liable to plaintiffs for any alleged injuries and damages she may have suffered.

30. If as a result of the matters alleged in plaintiff's first amended complaint, NovaStar is held liable to plaintiff for all or part of such injuries or damages as she may have sustained, cross-claim defendants are primarily liable for such injuries and damages, and are liable over to NovaStar by way of contribution and/or indemnification, for all such damages as NovaStar may be required to pay to plaintiff.

31. In the alternative, if as a result of the matters alleged in plaintiff's first amended complaint, NovaStar is held liable to plaintiff for all or part of such injuries or damages as plaintiff may have sustained, cross-claim defendants are jointly and/or severally liable to plaintiff based upon the foregoing allegations for such injuries and damages and liable over to NovaStar by way of contribution for all such damages NovaStar may be required to pay to plaintiff.

WHEREFORE, NovaStar demands judgment in its favor, and against cross-claim defendants Mason, Innovative, Ward, Trinity, Lacey and DiGiovanni, as follows:

a. If there is any liability to plaintiff, that cross-claim defendants are solely liable to plaintiffs, together with costs, attorneys' fees and such other and further relief to which NovaStar may be entitled ; and/or

    b.  In the event that a verdict is recovered by plaintiff against NovaStar, that it may have judgment over and against cross-claim defendants, by way of indemnification and/or contribution, for the amount recovered by plaintiff against NovaStar, together with costs, attorneys' fees and such other and further relief to which NovaStar may be entitled.

                     BRAVERMAN KASKEY, P.C.

                       _____
                       Peter J. Leyh (PL 8580)
                       One Liberty Place
                       1650 Market Street, 56th
                       Philadelphia, PA  19103
                       (215) 575.3800

                       Attorneys for NovaStar Mortgage, Inc.

Dated: April 21, 2010

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (CAMDEN)

| | |
|---|---|
| BARBARA JOHNSON, | : |
| Plaintiff | : DOCKET NO. 1:09-CV-01799-JBS-KMW |
| v. | : |
| NOVA STAR MORTGAGE, INC., et al., | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, Peter J. Leyh, Esquire, hereby certify I caused a true and correct copy of Defendant, Novastar Mortgage, Inc.'s Answer to the First Amended Complaint, with Defenses, Counterclaims and Cross-claims to be electronically filed and served upon the following:

> PROCHNIAK WEISBERG, P.C.
> Matthew Weisberg, Esq.
> 7 South Morton Avenue
> Morton, PA 19070
> mweisberg@ppwlaw.com
> *Attorney for Plaintiff*

and served by First Class U. S. Mail upon the following:

> Rick Mason
> c/o Innovative Mortgage Solutions, Inc.
> 416 Sicklerville Road, Units 202, 203
> Sicklerville, NJ 08081

> Terence Ward
> 416 Sicklerville Road, Units 202, 203
> Sicklerville, NJ 08081

> Trinity Insurance Abstract LLC
> 4350 Haddonfield Road #340
> Pennsauken, NJ 08109

> Walter A. Lacey, Esq.
> 39 Hunt Avenue
> Stratford, NJ 08084

        Innovative Mortgage Solutions, Inc.
        416 Sicklerville Road, Units 202, 203
        Sicklerville, NJ 08081

        *Defendants*

        /s/ Peter J. Leyh
        Peter J. Leyh, Esq.
        One Liberty Place, 56th Floor
        Philadelphia, PA 19103
        215-575-3800 (phone)
        215-575-3801 (facsimile)
        pleyh@braverlaw.com
        *Attorney for Defendant NovaStar*

Dated: April 21, 2010